IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES M. EVERETT**,

    **Plaintiff,**

v.                                        No. 16-cv-00506-DRH-PMF

**VO POWERS,
IMANI BROWN, and
JEAN STRAZA**

    **Defendants.**

## MEMORANDUM and ORDER

On May 6, 2016, Charles M. Everett, *pro se,* filed the above captioned action in this District Court using a form designated "Pro Se Civil Rights Complaint (Non–Prisoner)" and listing three defendants: (1) Vo Powers (Chestnut Psychiatrist); (2) Imani Brown (Collinsville Housing Case Manager); and Jean Straza (Chestnut Psychiatrist). The form further states "[s]ubject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983" and directs the filer to identify any additional bases for federal subject matter jurisdiction. Mr. Everett identifies the following as additional bases for federal subject matter jurisdiction:

> 42 U.S.C. Chapt. 21 A Privacy Protection 42 U.S. Code Chapter 7, and or Privacy protection act of 1980. Title I First Amendment Priacy

Protection (1)(2)(3)(4), and Title II Attorney General Guidelines (1)(2)(3)(4)

Along with the complaint, Mr. Everett filed a motion seeking leave to proceed *in forma pauperis* (Doc. 3), a motion for appointment of counsel (Doc. 4), and a motion for service of process at government expense (Doc. 5). Shortly after filing the complaint, Mr. Everett filed an additional document captioned "Motion Under Summary of the law Supporting Memorandum (Powers et al) C-Major Psychologist Construct" (Doc. 7). Finally, on May 17, 2016, Mr. Everett filed a second motion for appointment of counsel (Doc. 10).

This case comes now before the Court for threshold review[1] and on Mr. Everett's motion for leave to proceed *in forma pauperis* ("IFP"). After carefully reviewing the complaint in the present case, the Court concludes that Mr. Everett is not entitled to relief and the complaint must be dismissed.

A federal court may permit an indigent party to proceed without prepayment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff

---

[1] *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir.1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Mr. Everett's affidavit that he is indigent. However, after reviewing the complaint, the Court is unable to detect a non-frivolous cause of action.

Mr. Everett's Statement of Claim, begins on page 5 of Doc. 2. After careful review, the Court is unable to locate a rational argument on the law or facts in support of any claim. In fact, the Court is unable to discern exactly what claim or claims Mr. Everett is asserting. This is because the Court finds Mr. Everett's pleading to be unintelligible and incoherent. As an example, the Court has transcribed the following, taken from the first page of Mr. Everett's Statement of Claim:

> 4/16/2016, at Chestnut (med plus) by use of obtained by electronically or and paper stored – protected health information – of a Gilbert B. Croom (adopted uncle) and whereas by a deficiency in vitamin – C causing SCURVY in Gilbert B. Croom also obtained by

> electronically and or paper stored – protected health information of Complaintant [*sic*] accidently stepping on a bottle stuck in a trench with no socks and house shoes in 1983, and a broken ankle in 1978, whereas Lellee M. Everett (Croom) pre-preparing the E.R. procedure at St. Mary's Hospital whereas by electronically and or paper stored, to the knowledge of Dr. Sumer, Dr. Dennis, (police) C. Childress, and PHD. Bernice L. Collins whereas by creating a misdiagnosis, and treatment of Complaintant [*sic*] whereas by a re-evaluation of Complaintant [*sic*] by a Dr. Sumer whereas by Dr. Sumer intentionally in the re-evaluation not using diagnosis and treatment by Complaintant's [*sic*] psychiatrist Dr. Chiganta of Southpoints Hospital, but Dr. Sumer telephoning Dr. Dennis at St. Mary's whereas by Dr. Sumers use of initial hospitalization in 1987 retiring whereas by obtaining electronically or paper stored protected health information of Gilbert B. Croom's disease SCURVY caused by a deficiency in vitamin-C also obtained electronically on paper stored-protected health information ….

(Doc. 2, p. 5). The remainder of Mr. Everett's pleading is equally unintelligible and incoherent.[2]

Filings that are incoherent or lack a legal basis are frivolous. *Georgakis v. Ill. State Univ.,* 722 F.3d 1075, 1078 (7th Cir. 2013); *Buntrock v. SEC,* 347 F.3d 995, 997 (7th Cir. 2003). Mr. Everett's pleadings in the instant case are incoherent and the Court is unable to discern any facts suggesting that his civil rights were violated.

For the above reasons, the Court **DENIES** Mr. Everett's motion for leave to proceed in forma pauperis (Doc. 3), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) with prejudice because it is frivolous and fails to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly. Plaintiff's motion for recruitment of counsel (Doc. 4), motion for service of process at government

---

[2] Mr. Everett's Motion Under Summary of the law Supporting Memorandum (Powers et al) C-Major Psychologist Construct (Doc. 7) is also incomprehensible.

expense (Doc. 5), and motion under summary of the law supporting memorandum (Doc. 7) are **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

Signed this 17th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.17 14:31:11 -05'00'

**United States District Court**