IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES M. EVERETT**,

    **Plaintiff,**

v.                                                    No. 16-cv-00506-DRH-PMF

**VO POWERS,**
**IMANI BROWN, and**
**JEAN STRAZA**

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

    On May 6, 2016, Charles M. Everett, *pro se*, filed the above captioned action in this District Court using a form designated "Pro Se Civil Rights Complaint (Non–Prisoner)" and listing three defendants: (1) Vo Powers (Chestnut Psychiatrist); (2) Imani Brown (Collinsville Housing Case Manager); and Jean Straza (Chestnut Psychiatrist). On May 17, 2016, in considering Mr. Everett's motion for leave to proceed *in forma pauperis*, the Court found the complaint to be incoherent. Accordingly, the Court found the case was frivolous and entered an

order of dismissal with prejudice (Doc. 11). The following day, judgment was entered (Doc. 13). On May 23, 2016, Mr. Everett filed a new complaint (Doc. 14).[1]

In the Seventh Circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, then request leave to amend his or her pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Amendola v. Bayer*, 907 F.2d 760, 765 n. 4 (7th Cir.1990). The fact that the action was dismissed before service is of no consequence. The Court's entry of judgment terminated Mr. Everett's right under Rule 15 of the Federal Rules of Civil Procedure to "amend [his] pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). *See Paganis v. Blonstein*, 3 F.3d 1067, 1072–73 (7th Cir.1993) ("The right under Rule 15(a) to amend 'once as a matter of course' is lost after the entry of judgment.").

In the instant case, Mr. Everett has not asked to have the judgment reopened or sought leave to file an amended complaint. Accordingly, the Court **STRIKES** the pleading filed on May 23, 2016.

Moreover, even if the Court were to interpret the pleading as one for reconsideration, it would be denied.[2] The same is true with regard to leave to

---

[1] The Court has sealed the complaint as it contains social security numbers.

amend. As with the original complaint, the instant pleading is unintelligible and the Court cannot discern a viable cause of action. As such, the pleading is frivolous and leave to amend would be denied.

For the reasons stated herein, the April 23, 2016 (Doc. 14) Pleading is **STRICKEN**.

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.03 14:19:42 -05'00'

**United States District Judge**

---

[2] The timing of Mr. Everett's pleading would lead the Court to treat it as a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir. 2008). A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. These circumstances are not present here.